IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

HAROLD E. BENNETT                                                                              PLAINTIFF

V.                                              NO. 3:05CV00162 WRW

THE JONESBORO SUN, ET AL                                                              DEFENDANTS

## ORDER

On July 15, 2005, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action , along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Plaintiff also filed a Motion to Appoint Counsel (Doc. No. 3).

Under 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief.  The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim.  The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation."[1]  Additionally, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.[2]

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

[2] *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Plaintiff asserts § 1983 claims against the Jonesboro Sun (a newspaper), David Mosesso (the Jonesboro Sun's Publishing Editor), and Scott Roper (Commander of the Criminal Investigation Division at the Jonesboro Police Department). Plaintiff alleges that Defendant Roper released information about an investigation involving Plaintiff to the Jonesboro Sun, and that a newspaper article was published with this information . The article mentioned that the police department was conducting an investigation regarding a threatening letter allegedly mailed by Plaintiff to a Jonesboro attorney and the Craighead County Circuit Court Clerk.

Plaintiff's complaint must be dismissed for failure to state a claim. In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some constitutional right.[3] Plaintiff has failed to allege that Defendants' actions deprived him of any constitutional right.[4]

The United States Supreme Court has held that defamation by a state or local official does not by itself violate rights protected by the federal constitution.[5] Additionally, the Ninth Circuit Court of Appeals held that defamation is not actionable under § 1983 and that damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither

---

[3] *Griffin-El v. MCI Telecommunications Corp., et al.*, 835 F. Supp. 1114, 1118 (E.D. Mo. 1993).

[4] In the complaint, Plaintiff claims that his due process rights were violated because no handwriting analysis was conducted to determine whether he wrote the letter. First, this does not amount to a constitutional violation. Second, this assertion would be more appropriate as a habeas claim, not a § 1983 claim. Third, the abstention doctrine prevents a federal court from interfering with an ongoing state proceeding.

[5] *Paul v. Davis*, 424 U.S. 693 (1976).

'liberty' nor 'property' guaranteed against state deprivation without due process of law."[6]

Therefore, Plaintiff's complaint should be dismissed for failure to state a claim.

Because Plaintiff's Complaint fails to state a cause of action against Defendants for which relief may be granted, this case is DISMISSED. All pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" within the meaning of 42 U.S.C. § 1915(g). Further, the Court certifies, under 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal taken from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 11th day of August, 2005.


/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[6] *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986); *See also Gill v. State of Texas*, 2004 WL 852285 (N.D. Tex. 2004); *Savage v. Snow*, 575 F. Supp. 828 (S.D.N.Y. 1983).